Mr. Chief Justice Shahkey
delivered the opinion of the court.
In this case the plaintiff below took judgment by default, and during the term the defendant moved to set it aside on affidavit of merits, and also because the clerk had calculated interest on the note without having it filed. The affidavit states that the defendant below, the plaintiff in error, had a good and substantial defence to the merits, that he had been notified of the transfer of the note, that he had offered to pay it to Johnson, who stated that he had transferred it; that in fact the note was not the property of Johnson, hut belonged to James Hord, and that the plaintiff had been but recently advised that it was necessary to make the defence. By the bill of exceptions it appears, that this application was made before the jury was discharged and in time for trial.
Without noticing the other reasons, I think the affidavit was sufficient, and that the judgment by default should have been.set aside, and much injustice might result in consequence of the refusal. Where it appears clearly that an application tends to the advancement of justice, courts should the more readily incline to favor it, and it appears to be the practice to set aside a default on affidavit of the merits and payment of costs, when Opportunity for trial has not been lost. 2 Johns. Dig. 271.
The judgment must he set aside and the cause remanded.